UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN PARODI,<br><br>        Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 23-cv-01663-JSC<br><br>**ORDER VACATING HEARING AND GRANTING DEFENDANT'S MOTION TO STAY ACTION PENDING ARBITRATION**<br><br>Re: Dkt. No. 11 |

Plaintiff Karin Parodi alleges Defendant Liberty Mutual Insurance breached its contractual obligations and the implied covenant of good faith and fair dealing while engaged in an arbitration for insurance damages arising from a car accident. (Dkt. No. 1.) Defendant's motion to compel arbitration and dismiss or, alternatively, stay the action pending completion of the arbitration is now pending before the Court. (Dkt. No. 11.) After carefully considering the parties' written submissions, the Court concludes that oral argument is unnecessary, see Civ. L.R. 7-1(b), and grants Defendant's motion and stays the case pending the completion of arbitration.

## BACKGROUND

**A. Complaint Allegations**

Plaintiff is insured by Defendant under a written motor vehicle insurance policy. (Dkt. No. 1 ¶ 10.)[1] Plaintiff and an underinsured motorist were involved in a motor vehicle collision. (*Id.* ¶ 11.) Plaintiff received $100,000 from the driver's liability insurance and later, pursuant to her insurance policy with Defendant, submitted an uninsured motorist ("UIM") claim to Defendant, demanding an additional $150,000. (*Id.* ¶¶ 12-16.) Defendant responded it needed more

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    information and declined the demand.  (*Id.* ¶¶ 17-18.)  The policy requires unresolved claims

2    proceed through arbitration.  (Dkt. No. 11-1 at 37.)  In accordance with California Insurance Code

3    § 11580.2(f), the arbitration provision states: "If we and an 'insured' do not agree: (1) Whether

4    that person is legally entitled to recover damages under this Part; or (2) As to the amount of

5    damages; either party may make a written demand for arbitration."  (*Id.*) (cleaned up).

6         Following this policy language, Plaintiff demanded a UIM arbitration.  (Dkt. No. 1 ¶ 21.)

7    The parties completed some informal discovery.  *(Id.* ¶¶ 22, 25.)  However, as discovery

8    continued, Plaintiff became increasingly displeased with Defendant's handling of her claim.  (*Id.*

9    ¶¶ 22, 25-28, 30-34.)  Plaintiff alleges Defendant proceeded in bad faith during arbitration and

10   breached its contractual obligations to Plaintiff.  Specifically, Plaintiff objects to Defendant's

11   evasive tactics throughout the arbitration, such as delays and refusals in responding to discovery

12   requests.  (*Id.* ¶¶ 33-34.)  Plaintiff also makes more general allegations that investigations into her

13   claim have been mishandled.  (*Id.*)

14        **B. Procedural Background**

15        Plaintiff filed this action in San Mateo County Superior Court.  (Dkt. No. 1 at 6.)

16   Defendant then filed a notice of removal on diversity jurisdiction grounds.  (Dkt. No. 1.)

17   Defendant filed the present motion to compel.  (Dkt. No. 11.)

**LEGAL STANDARD**

19        The Court's power to stay an action is discretionary and is "incidental to the power

20   inherent in every court to control the disposition of the causes on its docket with economy of time

21   and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254

22   (1936).  To determine whether a stay should be granted, the court considers the possible damage

23   which may result from the granting of a stay and the "hardship or inequity" which a party may

24   suffer in being required to go forward.  *Id.* at 254-55.  The court should evaluate the likelihood

25   that a stay will serve the interests of judicial economy.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098,

26   1112 (9th Cir. 2005).  Under the Federal Arbitration Act, "[i]f any suit or proceeding be brought in

27   any of the courts of the United States upon any issue referable to arbitration under an agreement in

28   writing for such arbitration, the court in which such suit is pending, upon being satisfied that the

1  issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall
2  on application of one of the parties stay the trial of the action until such arbitration has been had in
3  accordance with the terms of the agreement . . . ." 9 U.S.C. § 3.  "Where some issues are subject
4  to arbitration and others are not, the trial court has the discretion to stay the balance of the
5  proceedings pending arbitration." *Countrywide Home Loans v. Mortgage Guar. Ins. Co.*, No. 10-
6  CV-00233 JSW, 2011 WL 4948538, at *2 (N.D. Cal. Oct. 18, 2011) (citing *Mediterranean Enter.,
7  Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).[2] The issues need not be identical
8  to empower a court to stay the proceedings in one suit. *Landis*, 299 U.S. at 254.

## DISCUSSION

It is undisputed Plaintiff's breach of contract claim must be resolved by arbitration. (Dkt. No. 11 at 6; Dkt. No. 12 at 2.) Section 11580.2(f) of the California Insurance Code provides that the determination as to "whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." Cal. Ins. Code § 11580.2(f).  Plaintiff's insurance policy includes an arbitration agreement pursuant to § 11580.2(f). (Dkt. No. 11-1 at 37.)  Indeed, Plaintiff agrees her breach of contract claim must be resolved in the arbitration currently proceeding. (Dkt. No. 12 at 2.)

The only remaining issue is whether Plaintiff's bad faith claim may proceed in this Court while the breach of contract arbitration continues.  The *Landis* factors favor staying the bad faith claim pending the completion of the UIM arbitration. *Landis*, 299 U.S. at 254.

**I.   A Stay Will Serve the Interests of Judicial Economy.**

Although the arbitration proceedings will not directly address the bad faith claim, the arbitration's result will impact the bad faith claim's resolution in this court.

---

[2] California Civil Code of Procedure § 1281.4 does not apply.  First, it is a procedural law, and questions of procedure in a federal diversity case are governed by federal law. *See Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural rules.").  Second, and relatedly, its language governs only what California state courts must do. *See, e.g., Thomas v. State Farm Mut. Auto. Ins. Co.,* No. 15-CV-00509 CRB, 2015 WL 1544244, at *2 (N.D. Cal. Apr. 2, 2015).

1  Plaintiff contends Defendant failed to thoroughly and fairly investigate, process, and
2  evaluate Plaintiff's UIM claim.  (Dkt. No. 1 ¶¶ 22, 32.)  The arbitration's determination of the
3  breach of contract claim is relevant to whether Defendant mishandled Plaintiff's claim.  To
4  establish an insurer's bad faith under California law, Plaintiff must show it "(1) withheld benefits
5  due under the policy, and (2) that such withholding was 'unreasonable' or 'without proper cause.'"
6  *Luu v. Allstate Ins. Co.*, No. 5:11-CV-01523 EJD, 2011 WL 3360040, at *2 (N.D. Cal. Aug. 2,
7  2011) (citing *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1209 (2009)).  If the arbitrator
8  finds Plaintiff is owed compensation, Plaintiff's allegations that Defendant unreasonably withheld
9  payment and failed to process the claim would be bolstered.  *See Thomas v. State Farm Mut. Auto.
10 Ins. Co.*, No. 15-CV-00509 CRB, 2015 WL 1544244, at *1 (N.D. Cal. Apr. 2, 2015) (citing
11 *Morello v. Amco Ins. Co.*, No. 11-CV-06623, 2012 WL 1949387, at *2 (N.D. Cal. May 29, 2012)).
12 If, however, the arbitrator decides Plaintiff is not owed additional compensation, Defendant's
13 position regarding its handling of the claim would be supported.  *Id.*  Thus, the strengths and
14 weaknesses of each side's arguments turn on the arbitrator's decision.  *See Morello*, 2012 WL
15 1949387, at *2 (N.D. Cal. May 29, 2012) ("whether and to what extent plaintiff is entitled to UIM
16 benefits will affect, *inter alia*, plaintiff's claims for breach of the implied covenant of good faith
17 and fair dealing . . . ."); *see also Sekera v. Allstate Ins. Co.*, No. 14-CV-1162 JGB-DTBx, 2014
18 WL 12577163, at *4 (C.D. Cal. Oct. 30, 2014) ("In particular, whether [plaintiff] will be entitled
19 to any damages will depend upon what, if any, benefits the arbitrator awards [plaintiff] pursuant to
20 his UIM policy . . . .  Moreover, whether and to what extent [plaintiff] has been harmed by any
21 delay in receiving his policy benefits will depend upon whether he is eventually awarded benefits
22 pursuant to the Policy.").

23  Plaintiff's reliance on *Corral v. State Farm Mutual Auto. Ins. Co.*, 92 Cal. App. 3d 1004
24 (Ct. App. 1979) is misplaced.  *Corral* was not concerned with a stay of a bad faith claim pending
25 an arbitration resolution of a breach of contract claim; instead, it addressed whether a prior
26 arbitration award barred the plaintiff's bad faith action under res judicata.  *Corral*, 92 Cal. App. 3d
27 at 1009-10.  *Corral* is thus not relevant to the analysis here.  *Cf. McIsaac v. Foremost Ins. Co.*
28

1  *Grand Rapids, Michigan*, 64 Cal. App. 5th 418, 423-24 (2021) (explaining *Corral* was not
2  persuasive in the context of a motion to compel arbitration).

## II. There is no Prejudice from Granting a Stay.

Staying litigation of the bad faith claim will not prejudice Plaintiff.  Plaintiff argues she will be prejudiced if another delay occurs, given the prior delays from Defendant's allegedly evasive tactics.  (Dkt. No. 12 at 4.)  But delay on its own is insufficient to show prejudice.  *See California Crane School, Inc. v. Google LLC*, 621 F. Supp. 3d 1024, 1033 (N.D. Cal. Aug. 12, 2022) ("Neither party has identified concrete prejudice (beyond simple delay) that would result from either staying or declining to stay this case, so the Court's decision is premised on concerns of efficiency and judicial economy.").

Moreover, a stay would not unduly delay this proceeding given the arbitration has commenced and some discovery has been completed.  *See Luu*, 2011 WL 3360040, at *3 (finding the active status of the arbitration relevant to determining the severity of delay should the stay be granted).  As Plaintiff presents no other arguments regarding damage she may suffer, this factor favors granting a stay.

## III. A Stay Will Avoid Hardship to the Parties.

A stay may avoid unnecessary and costly litigation for the parties.  Plaintiff claims Defendant will not be prejudiced if the two proceedings continue simultaneously as it needs to defend its alleged bad faith eventually.  However, as Defendant correctly states, litigating both claims in separate forums, despite the overlapping issues discussed above, requires both parties to invest potentially unnecessary resources.  (Dkt. No. 13 at 4); *see Luu*, 2011 WL 3360040, at *3.  The interconnected nature of the issues renders simultaneous litigation of both actions inefficient.  Thus, there is hardship to both parties should the present action proceed prior to the completion of arbitration.

\*\*\*

In sum, although the bad faith claim is not part of the arbitration proceedings, the result of the arbitration and the determination of the damages Plaintiff is owed, if any, will impact the result of the bad faith claims.  Having both actions continue without granting the stay would be an

inefficient use of judicial resources, as well as pose harm to both parties.  *Luu*, 2011 WL 3360040, at *3.  To maintain an orderly course of justice, the case is stayed pending completion of the arbitration to simplify the issues and questions of law.  *Lockyer*, 398 F.3d at 1112.

## CONCLUSION

For the reasons stated above, Defendant's motion to compel arbitration of the breach of contract claim is GRANTED.  As the *Landis* factors support the issuance of a stay, Defendant's motion to stay proceedings on the bad faith claim pending the completion of arbitration is GRANTED.  Defendant shall provide the Court with a written update on the arbitration's status on or before January 4, 2024.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: June 6, 2023

JACQUELINE SCOTT CORLEY
United States District Judge